IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

BRIAN HARRIS,   CASE NO. 2:07-cv-1302
   JUDGE SARGUS
Petitioner,   MAGISTRATE JUDGE KEMP

v.

JEFFREY WOLFE, Warden,

Respondent.

## ORDER and
## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's traverse, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.** Petitioner's requests for an order directing the appellate court to reopen his appeal, and his request for release on bond, *see Traverse*, are **DENIED.**

## FACTS and PROCEDURAL HISTORY

The Ohio Tenth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Appellant's conviction arises out of events which occurred on January 3, 2002. Appellant's girlfriend had broken up with him the day before and had thrown him out of the home that they shared, leaving him homeless. At loose ends, the next day appellant met up with his friend Jason Davenport and got a ride to the Davenport home. Already there were Jason's younger brother Brian, and Brian's two friends, Ryan Folk and Brandon Anderson, all of whom were high school students. When Anderson, Folk, and Brian Davenport prepared to leave, appellant asked for a ride.

Although Anderson had never met appellant before, he agreed to give him a ride, and he and Folk sat in the passenger seat, with Brian Davenport in the back with appellant. According to testimony from Folk, Anderson and Brian Davenport, appellant asked to be taken to a Burger King restaurant where a friend would be meeting him; however, upon arriving in the parking lot, the group waited some 30 minutes without anyone showing up. Eventually, Anderson said he needed to get home for dinner and attempted to drive out of the lot with appellant still in the car. At this point, the testimony of the other three indicates that appellant pulled out a gun and said "this is a stick up." While shouting threats and obscenities at the other occupants of the car, appellant hit Anderson on the side of his head with the gun, causing a tear in his earlobe requiring stitches. He also used the gun to strike Folk in the head. Appellant then took money, a pager, a cell phone, and some music CDs from Folk, and told Anderson to drive them to a residential area across the street from the Burger King. After appellant exited the car, the boys drove to Folk's house and called police.

At trial, appellant testified in his own defense that, on the night in question, he had asked for a ride to his friend Pat Cochran's house and that the boys had given him a ride there, dropped him off, and that was the extent of his contact with them. He stated that he was never near the Burger King that night.

Based upon these facts, appellant was indicted on two counts of CCW, and indicted on one count of aggravated robbery, two counts of robbery, three counts of kidnapping, three counts of abduction and one count of felonious assault, all with specifications. Later dismissed were the two counts of robbery and the one count of felonious assault. The jury then found appellant guilty of a misdemeanor on the CCW count, which, later, was incorrectly referred to in the judgment entry as a fourth degree felony. The jury also returned a verdict of guilty on the aggravated robbery count, and on the kidnapping and abduction counts.

*State v. Harris,* 2003 WL 21060839 (Ohio 10th App. Dist. May 13, 2003).

In August 2002, the trial court sentenced appellant as follows:

"The Court hereby imposes the following sentence: 6 months for Count One [CCW], 6 years for Count 3 [Aggravated Robbery] with an additional 3 consecutive years of actual incarceration for the gun specification in Count 3, Four years for Count Six [Kidnapping with Specification], Four years for Count Eight [Kidnapping with Specification], 3 years for Count Seven [Abduction with Specification] and 3 years for Count Nine [Kidnapping with Specification] * * *. Counts One, Three, Six, Seven, Eight, and Nine shall run concurrent with each other. The gun specification in Count 3 shall run consecutive to Count 3."

*Id.* Petitioner filed a timely appeal. He asserted the following assignments of error:

Assignment of Error I

Appellant's convictions were based on insufficient evidence and were against the manifest weight of the evidence, thereby violating Appellant's due process rights, under Section 10, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

Assignment of Error II

Appellant's due process rights under the state and federal constitutions were violated by the trial court's ruling that the convictions for kidnapping and abduction did not merge, when the elements of both alleged offenses, as testified to a[sic] trial, corresponded and were [sic] there was no evidence that the alleged offenses of conviction were committed separately or with a separate animus.

Assignment of Error III

The trial court commits reversible error by stating in its judgment entry that Appellant was convicted of carrying a concealed weapon as a felony of the fourth degree, when Appellant was actually convicted of a misdemeanor carrying a concealed weapon, and for stating that the imposition of a

> prison sentence is mandatory for the offenses of aggravated robbery, kidnapping and abduction and then imposing a prison sentence based thereon.

*See id.* On May 13, 2003, the appellate court overruled petitioner's first and second assignments of error, sustained his third assignment of error, and remanded the case to the trial court

> with instructions to enter a new judgment entry reflecting that appellant was convicted of a first degree misdemeanor CCW charge and sentenced accordingly.

*Id.* Petitioner apparently did not file an appeal to the Ohio Supreme Court.

On June 25, 2003, the trial court issued a new judgment entry pursuant to the appellate court's remand (petitioner's sentence remained unchanged). *Exhibit 8 to Return of Writ*. Petitioner did not file a timely appeal. On June 19, 2007, he filed a motion for delayed appeal. *Exhibit 17 to Return of Writ.* On July 24, 2007, the appellate court denied that motion. *Exhibit 19 to Return of Writ.* Petitioner filed a timely appeal to the Ohio Supreme Court. *Exhibit 20 to Return of Writ.* He asserted the following propositions of law:

> 1. I was denied my right to appeal and did not understand my right to such appeal.
>
> 2. I was denied my right to leave to appeal pursuant to App.R. 5(A).
>
> 3. I was denied my right to appeal my sentence.
>
> 4. Counsel at trial was ineffective for failing to file a timely appeal and not explain[ing] to me that a post [conviction] appeal was not a direct appeal, and counsel was ineffective for failing to raise reversible error, insufficient evidence and my sentence.

> 5. Counsel was ineffective for failing to perfect an appeal as of right.
>
> 6. Sentence I received was contrary to law.
>
> 7. Evidence was insufficient to convict or sentence me to nine years.

*Exhibit 21 to Return of Writ.* On December 12, 2007, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as not involving any substantial constitutional question. *Exhibit 22 to Return of Writ.*

Meanwhile, on February 23, 2003, petitioner filed a *pro se* petition for post conviction relief in the state trial court. He asserted that he had been denied the effective assistance of counsel because his attorney failed to interview or subpoena defense witnesses, failed to investigate the case, failed to discuss the case with petitioner, and failed to file a pre-trial motion to suppress the in-court identification of petitioner. *Exhibit 9 to Return of Writ*. After a hearing conducted on April 8, 2004, in a July 7, 2004, judgment entry, the trial court denied the petition. *Exhibit 16 to Return of Writ*. Petitioner attempted to file an appeal of the trial court's decision, but that appeal was premature. *See Exhibits 12, 13, 19 to Return of Writ*. The state appellate court directed the clerk to redocket petitioner's notice of appeal after the trial court issued a final judgment of dismissal. *See Exhibits 15, 19 to Return of Writ.* When petitioner filed a motion for delayed appeal of the trial court's corrected entry of sentence, the state appellate court again directed the clerk to redocket petitioner's premature post conviction notice of appeal, filed on June 15, 2004, in a new case number. *See id.* Although it is not clear from the record, apparently that appeal remains pending;

5

however, petitioner has not raised in these proceedings any of the same claims raised in his petition for post conviction relief.

On December 27, 2007, petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. He alleges that he is in the custody of the respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Denial of right of appeal.
>
> My counsel failed to timely file my appeal nor did the court inform me of my right to seek an appeal to my understanding, and when my appeal was filed by counsel, he failed to instruct me that it was not my direct appeal, but a post conviction appeal which caused me a deprival [sic] of direct appeal.
>
> 2. Sentence contrary to law.
>
> My sentence is contrary to law and is not supported by sufficient evidence.
>
> 3. Denied right to leave of appeal.
>
> When I discovered that my appeal filed was not a direct appeal, but a "post conv." appeal I was denied leave to appeal to address errors and the appeals court denied leave but told the clerk to re-docket post appeal which denied me errors on the record.
>
> 4. Counsel was ineffective.
>
> Due to failing to file a "direct appeal" and argue the sentence, insufficiencies of evidence and not explain my right to appeal, nor inform me that my appeal was a post.conv. appeal instead of the "requested" direct appeal sought.

It is the position of the respondent that this action must be dismissed as unexhausted.

**EXHAUSTION**

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples,* 489 U.S. 346, 349 (1989); *Silverburg v. Evitts,* 993 F.2d 124, 126 (6th Cir.1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999); *Manning v. Alexander,* 912 F.2d 878, 881 (6th Cir.1990). Where alternative state remedies are available to consider the same claim, however, exhaustion of one of these remedies is all that is necessary. A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees,* 822 F.2d 1418, 1420 n. 3 (6th Cir.1987).

Petitioner asserts in claim two that the evidence is constitutionally insufficient to sustain his convictions and that his sentence is "contrary to law" *See Petition*. These claims, being readily apparent from the record, were properly raised on direct appeal; however, petitioner never filed an appeal to the Ohio Supreme Court from the appellate court's May 13, 2003, decision denying his claims. Although the time period to do so has now long since expired, petitioner still may file a motion for delayed appeal pursuant to Ohio

7

Supreme Court Rule of Practice II, Section 2(A)(4)(a).[1] Therefore, this action remains unexhausted. To the extent petitioner may be challenging in claim two the trial court's June 25, 2003, corrected judgment entry of sentence pursuant to the remand of the state appellate court, that claim appears to be exhausted, since petitioner filed a delayed appeal as well as an appeal to the Ohio Supreme Court upon the appellate court's denial of his motion for delayed appeal.

Further, the record fails to reflect that a stay of proceedings pending exhaustion is warranted. *Rhines v. Weber*, 544 U.S. 269 (2005).

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

*Id.*, at 277. Here, it does not appear that petitioner can demonstrate good cause for his failure to exhaust state court remedies. He fails to provide any explanation for his failure

---

[1] Ohio Supreme Court Rule of Practice II, Section 2(A)(4)(a) provides:

In a felony case, when the time has expired for filing a notice of appeal in the Supreme Court, the appellant may seek to file a delayed appeal by filing a motion for delayed appeal and a notice of appeal. The motion shall state the date of entry of the judgment being appealed and adequate reasons for the delay. Facts supporting the motion shall be set forth in an affidavit. A copy of the court of appeals opinion and the judgment entry being appealed shall be attached to the motion.

8

to pursue a delayed appeal more than six years after the appellate court denied his appeal. Additionally, the record fails to reflect that his claims are potentially meritorious in view of the appellate court's denial of such claims, and the presumption of correctness accorded such decision. 28 U.S.C. §2254(d), (e); *Williams v. Taylor*, 529 U.S. 362 (2000).

Respondent suggests that claim four, in which petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file a timely appeal, failed to raise on appeal claims of insufficiency of the evidence and improper sentence, failed to explain to petitioner his right to appeal, and failed to advise petitioner regarding the difference between a direct appeal and post conviction proceedings, also remains unexhausted because petitioner still may pursue a delayed application to reopen the appeal pursuant to Ohio Appellate Rule 26(B).

Petitioner states that he did not understand that his attorney had filed a direct appeal raising claims of insufficiency of the evidence and improper sentence, but thought that solely a post conviction petition had been filed. *See Traverse*. Petitioner requests this Court to direct the state appellate court to reopen his appeal so that he may exhaust state court remedies as to his claims. *See id.*

If petitioner is challenging the effectiveness of his appellate counsel, who filed a timely appeal challenging the sufficiency of the evidence and the sentence imposed, the Court agrees that such a claim remains unexhausted and may still be raised in a delayed Rule 26(B) application. If, however, petitioner is raising a claim of ineffective assistance of counsel based upon his attorney's failure to file a timely appeal of the trial court's June 25,

9

2003, corrected judgment entry of sentence, petitioner has already presented that claim to the state courts in his motion for delayed appeal, as well as on appeal to the Ohio Supreme Court, and such a claim would not properly be raised in a delayed Rule 26(B) application. *See Harding v. Russell*, 27 Fed.Appx. 372, 376 (6th Cir. October 11, 2001)(reversing the District Court's dismissal of a claim of ineffective assistance of counsel for failure to file the appeal as unexhausted based upon petitioner's failure to pursue a delayed Rule 26(B) application, stating that "Section 2254 does not require repetitious applications to the State courts for relief," and noting that "[b]oth the Ohio Supreme Court's ... holding in *State v. Gover*, 71 Ohio St.3d 577 (1995), and the text of the [Rule 26(B))] itself lead us to conclude that the *Murnahan* procedures and the amended Rule 26(B) are not applicable to" claims of ineffective assistance of counsel based upon an attorney's failure to file a timely appeal.) In any event, petitioner's request for an order directing the state appellate court to reopen his direct appeal, *see Traverse*, is **DENIED**. This Court is without the authority to issue such a directive.

Petitioner's request for bond, *see Traverse*, likewise is **DENIED**.

> To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment in the interests of justice." *Aronson v. May*, 85 S.Ct. 3, 5, 13 L.Ed.2d 6 (1964); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir.1990). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction ... it will indeed be the very unusual case where a habeas petitioner is

> admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe,* 989 F.2d 869, 871 (6th Cir.1993).

*Smith v. Bell,* 2007 WL 671341 (E.D. Michigan February 28, 2007). Petitioner has failed to meet this standard here.

Therefore, for all the foregoing reasons, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** without prejudice as unexhausted. Alternatively, petitioner may delete his unexhausted claims from the petition and proceed on his remaining exhausted claims by notifying the Court within ten (10) days of the date of this order of his request to withdraw unexhausted claims.

If any party objects to this *Report and Recommendation,* that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C.§636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the

decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

                                                      /s/ Terence P. Kemp
                                                      United States Magistrate Judge